GRUBB v. LOUISA COUNTY.

**Compensation of Public Officer:** SHERIFF'S FEES. A sheriff is not entitled to additional compensation for personal attention rendered to prisoners, beyond payment for their board. The fees and salary of the officer include payment for such services.

*Appeal from Louisa District Court.*

TUESDAY, APRIL 6.

THIS action is brought by the plaintiff to recover the sum of $14.25, from the county, for guarding and waiting upon certain prisoners in the county jail while the plaintiff was keeper thereof as sheriff of the county. The cause was tried to the court, who rendered judgment for the plaintiff for the sum claimed. Upon the proper certificate of the district judge, the defendant appeals. The further facts of the case appear in the opinion.

*Newman & Blake,* for appellant.

*Hurley, Hale & Baldwin,* for appellee.

MILLER, CH. J.—The record shows that the plaintiff is sheriff of Louisa county, residing in the jail of the county, having personal charge thereof, and of prisoners therein; that the claim is for personal services in guarding and waiting upon two certain prisoners for about 58 days. The *guarding* consisted entirely in standing by once a day, or once in two days to prevent the prisoners from escaping while carrying out of the jail and emptying their vessels, the jail being constructed without sinks or water closets, and prisoners were compelled to use the vessels, which had to be emptied outside the jail.

The *waiting on* consisted in asking a prisoner's attorney to

call on him, examining his letters, and being present when the wife or friends of the prisoner called on him.

The plaintiff was at no expense in regard to the services for which he claims this compensation.

Upon these facts the parties, by agreement in open court, submitted the following question to the District Court, viz: "Has the sheriff the right to charge the county of Louisa for the services rendered, as set out in the bill of items attached to his petition, under section 4735 of the Code and other sections thereof, defining the duties of the sheriff fixing his compensation, etc." Upon the question submitted the court found for the plaintiff, and rendered judgment accordingly. Appellant insists that this judgment is erroneous.

Section 339 of the Code provides that the sheriff "has charge and custody of the jail or other prison of his county, and of the prisoners in the same, and is required to receive those lawfully committed, and to keep them himself, or by his deputy or jailor until discharged by law." In this case the sheriff kept the county prison, and had the custody and charge of the prisoners himself.

Section 3788 of the Code prescribes what fees the sheriff is entitled to charge and receive, specifying the fee allowed for each particular service rendered, among which are the following: "For dieting a prisoner, for each day, fifty cents; And for dieting a prisoner in conveying him to state prison or jail outside of his county, one dollar per day; For receiving a prisoner on surrender of bail, twenty-five cents; For taking new bail or bond, twenty-five cents; For conveying each convict to the penitentiary, and as full compensation therefor, sixteen cents for each mile traveled  *  *  *  , to be paid out of the county treasury."

The next section (3789) provides that, "the sheriff is also entitled for attending the District and Circuit Courts, and delivering notices, including mileage, and *for other services for which no compensation is allowed by law, such annual salary in each county* with a population of ten thousand inhabitants, not less than fifty dollars. In each county with a population of fifteen thousand inhabitants, not less than one hundred and

fifty dollars. In each county with a population of twenty thousand inhabitants or over, not less than two hundred dollars."

Section 3840 of the Code prohibits, and makes it a misdemeanor in any officer who willfully takes higher or other fees than are allowed by law.

It would seem to be unquestionable, from these various provisions of the statute, that the sheriff is confined in his fees and compensation, for services rendered in his official character, to such as are prescribed therein. In the first place specific fees are allowed for specific services. In the second place an annual compensation to be fixed by the Board of Supervisors, not less than a prescribed sum according to the population of the county, is allowed him for certain services named, and for other services for which no compensation is prescribed by law; and in the third place the sheriff, with all other officers, is prohibited from taking higher or other fees than are prescribed by law. The fees and salary which the statute has allowed to the sheriff, are intended to be in full for his services in the performance of his official duties.

In *Atchison County v. Tomlinson*, 9 Kansas, 167, it is held that the sheriff is not entitled to additional compensation for his time and personal services, in procuring supplies for prisoners, nor for his personal care, and attention necessarily given the prisoners and their cells, the law having provided for compensation to the sheriff for boarding his prisoners. This decision is in point in this case, and accords with the view we have above expressed.

Appellant insists that he is entitled to recover the charges claimed for in this case under section 4735 of the Code. That section is as follows: "All charges and expenses of safe-keeping and maintaining convicts, and persons charged with public offenses, and committed for examination or trial to the county jail, shall be paid from the county treasury; the accounts therefor being first settled and allowed by the Board of Supervisors," etc.

This section was not intended to fix the fees or compensation of the sheriff for any services performed by him in, and

about the keeping of prisoners in the county jail, but its object and purpose was to designate the source from whence the money should come to pay all legal charges, and expenses connected with the safe-keeping and maintenance of prisoners in the county jails. It does not, however, profess to designate or prescribe what shall be legal charges and expenses for such purpose. That office is performed by the other provisions of the Code before referred to.

It does not appear from the record what amount of salary was allowed the sheriff under section 3789 of the Code. It will be presumed that it was sufficient to compensate him for the services for which no fees are prescribed by law. The judgment of the court below must be

REVERSED.