## Bringolf v. Polk County.

1. **Sheriff's Fees:** MILEAGE: PRODUCING PRISONERS. A sheriff who produces a prisoner in court from the jail located in the basement of the court house is not entitled to mileage.

2. ——: SERVING SUBPŒNA: COPY. Where the sheriff serves a subpœna and delivers a copy of the same, he is entitled to compensation for the latter at the rate of ten cents for each hundred words.

3. ——: PRODUCING PRISONER AS WITNESS. Where a sheriff is directed by the court to produce as a witness a prisoner confined in the penitentiary, he is entitled to his mileage and to all expenses incurred in the transportation of the prisoner.

4. ——: ——. Where, under the same order, he produces five prisoners, he is entitled to but single mileage and expenses for all.

5. ——: TAKING CONVICT TO PENITENTIARY. For conveying a convict to the penitentiary the sheriff is entitled to sixteen cents a mile as his full compensation.

6. ——: CONVEYING PRISONER TO PENITENTIARY. The compensation of the sheriff for conveying a prisoner to the penitentiary for safe keeping is five cents a mile. He can demand in addition his railway fare and the amount paid for necessary guards.

7. ——: BAILIFFS. The county should reimburse the sheriff for the amount expended to pay for the services of bailiffs, to the number designated by the court.

8. ——: JURY. The sheriff is not entitled to ten cents for each jury called by a bailiff, in addition to the per diem paid by the county for the latter.

*Appeal from Polk District Court.*

### TUESDAY, OCTOBER 26.

THE parties to this suit filed in the Polk county District Court an agreed statement of facts, involving the amount of compensation to which plaintiff is entitled for certain services as sheriff of Polk county. The court found adversely to the claim of plaintiff. He appeals. The agreed statement of facts appear in the opinion in connection with the respective claims of plaintiff.

*Barcroft, Given & Drabelle*, for appellant.

*J. B. Bissell*, for appellee.

If the statute provides specific fees and declares that no other fees shall be taken, there can be no constructive fee; and if the statute imposes a particular duty and fails to provide the fee, the official must perform the duty for the compensation already provided. (*Rockwell v. Monroe Co.*, 10 Iowa, 691; *Massing v. Steele*, 14 Wis., 502; *Com. of Ken. v. Rhodes*, 6 B. Mon., 171; *B'd of Com.*, etc., *v. Sivey*, 16 Ind., 425; *Simmons v. Kelley*, 33 Penn., 190; *Bicknell v. Amada Co.*, 30 Cal., 237.)

Day, J.—I.   About the 5th day of December, 1874, the plaintiff, as sheriff of Polk county, had in his custody in the jail of said county one Josie Clinton, there under indictment; by verbal order of the court then in session, he brought said Josie Clinton before the court to answer in said case.   For this service he claims ten cents mileage for one mile.

1. SHERIFF'S fees: mileage: producing prisoner.

Plaintiff bases his claim upon paragraph seven, Section 3788 of the Code, which provides that the sheriff is entitled to receive for attending with a person before a court or judge, when required, for each day, besides mileage, one dollar.

An insuperable objection to this claim of the plaintiff is, that the agreed statement does not show that plaintiff traveled a mile, or any fraction of a mile, in performing the service for which the mileage is claimed.   The prisoner was in the custody of the sheriff in the jail.   Where the jail is located, the statement of facts does not show.   If it is in the basement of the court-house, and the sheriff merely went down stairs and returned, he is not, in our opinion, entitled to mileage.   If he is entitled to mileage for going down stairs, he is equally entitled to it for walking from the judge's desk to the door.   Surely such a claim would not be seriously advanced.

II.   On the 17th day of November, 1874, there came into

the hands of the plaintiff, for serving, a subpœna for one John Donahue, as a witness in the case of *The State v. Charles Howard;* plaintiff served said subpœna on the said John Donahue, and furnished him with a copy thereof, which contained 114 words, including the printed words, and was on the blank form furnished by Polk county. For this copy plaintiff claims a fee of twenty cents.

*2. ———: serving subpœna: copy.*

Section 4564 of the Code provides: "The service of a subpœna must be by delivering a copy, and showing the original to the witness personally."

The delivery of the copy is a part of the service in a criminal case, just as much as the reading of the subpœna is in a civil case. The service consists in showing the original and delivering a copy. For this service the law provides a compensation of twenty cents for each person served. Code of 1873, Sec. 3788. The making of the copy, however, forms no part of the service. It precedes and is ancillary to the service. Section 3788 of the Code authorizes the sheriff to charge for a "copy of a paper required by law, *when made by him,* for each hundred words, ten cents." When the sheriff makes such copy, or procures it to be made at his own expense, he is entitled to pay therefor.

III. On the 3d day of November, 1874, the plaintiff, as sheriff, executed an order of court for the production of one Charles Patterson, a prisoner in the state penitentiary at Ft. Madison, as a witness before the Grand Jury of the Polk District Court, at the December Term, 1874. In executing said order the plaintiff paid as necessary expenses for himself, $13.20, as railroad fare to and from Ft. Madison; $3.20 for meals and lodging, and $1.50 'bus fare; and for said prisoner, $6.60 as railroad fare, $1.00 'bus fare, and $1.50 jailor's fees at Keokuk; making in all, $27.00, which the plaintiff claimed, in addition to 50 cents for service, 50 cents for copy, $18.40 for mileage, $2.00 for attendance, and $2.00 for dieting prisoner, already allowed and paid.

*3. ———: producing prisoner as witness.*

From this statement it will be observed that the plaintiff, for going from Des Moines to Ft. Madison for a witness,

received $23.40, whilst the actual expenses of the trip were $27.00. If the law requires the plaintiff to perform this service at an actual loss of $3.60, and with no compensation for his time, he must do it, or, if he cannot afford, or is unwilling to work for nothing and bear his own expenses, he must surrender the office to some one less impecunious or more patriotic. At the same time we should consider well, before we place upon the law a construction leading to results so manifestly unjust, and so repugnant to every notion of wise legislation.

Section 3678 of the Code provides that a person confined in any prison of this state may, by order of any court of record, be produced for oral examination. No special provision is made as to the manner of paying the expense of procuring such witness.

Section 3788 of the Code provides: The sheriff is entitled to charge and receive the following fees. * * * * * "For serving any order or notice and making return thereof, for the first person served, fifty cents; for each additional person, twenty-five cents; and for each warrant, two dollars, mileage, and all necessary expenses as sworn to by the sheriff." The same section provides that the sheriff shall have for summoning each panel of a jury, including mileage, eight dollars, and for "traveling fees, in other cases required by law, going and returning, per mile, five cents." For serving this order, then, the sheriff is allowed fifty cents, and five cents per mile for the distance traveled, going and returning. But this compensation is allowed the officer for his personal service. The expense of transporting and feeding en route the witnesses served is collateral to the service of the order, but does not form part of it. It could not have been intended that for fifty cents and mileage, the sheriff should bear the expense of transporting and feeding the persons who, on account of the order, it might be necessary to transport. The fees for service and mileage cover the personal expenses of the sheriff, but not those of the persons he may have in charge. Whatever the sheriff expended in paying the transportation and bearing the expenses of the witness Patterson,

was expended for the benefit of Polk county, and upon the broad principles of the common law, without any express statutory provision upon the subject, an implied promise is created to refund the sum so expended.

In addition to the sums allowed the plaintiff, he is entitled to the railroad and omnibus fare of the prisoner and the jailor's fees at Keokuk, amounting to $9.10.

IV.   On the 24th day of February, 1874, an order issued from the District Court of Dallas county, Iowa, commanding plaintiff to produce before said court as witness in a criminal case therein pending one William Ware and four others, prisoners in the custody of plaintiff in the county jail, to testify in the case of the *State v. John B. Merrihew*, No. 122, taken to said court on change of venue from said Polk county. Said order was executed by Jno. Walker, deputy sheriff, who was one day in going to, seven remaining at, and one day in returning from said court with said prisoners, for which plaintiff claims one dollar per day, $9.00, for each prisoner. In going to and returning from said court, plaintiff traveled fifty-six miles, for which he claims five cents per mile, making $2.80 for each prisoner.   In going to and from said court he expended $1.00 for meals for each of said prisoners.   He paid the transportation of said prisoners to and from said court, $3.20 each, making, in all, $92.00, which the plaintiff claims as due him, on the execution of said order, less $27.90, allowed and paid thereon.

Section 3788 of the Code provides that the sheriff shall receive for attending with a person before a court or judge when required, for each day besides mileage, one dollar; the same section fixes the mileage at five cents per mile.

The plaintiff, by his deputy, expended nine days and traveled fifty-six miles, with five persons in charge, and because of that he claims he should be allowed for forty-five days, and two hundred and eighty miles travel.   The claim cannot be allowed.   The statute allows the sheriff one dollar and mileage for each days attendance, *not* for each person he may have in charge.   Under this item of his charge the plaintiff is entitled to one dollar a day for nine days, $2.50 mileage, $5.00

for the meals of the prisoners, and $16.00 for their transpor-. tation, amounting, in all, to $32.80.

V. On the 9th day of December, 1873, the plaintiff, as sheriff, conveyed one Thomas. Flood, a convicted.and sentenced prisoner, from Des Moines to the state prison at Fort Madison; in .executing said order the plaintiff paid out as necessary expenses for himself, $13.20 for railroad fare to and from Fort Madison; for meals and lodging $3.95; for 'bus fare $2.00; and for said prisoner $6.60 for railroad fare; $2.00 'bus fare, and 75 cents for one meal *en route*, making in all 28.00, which plaintiff claims as justly due him, in addition to mileage for 324½ miles, at 16 cents a mile.

*5. ——: taking convict to penitentiary.*

The last paragraph of section 3788 of the Code allows the sheriff: "For conveying each convict to the penitentiary, and as full compensation therefor, sixteen cents for each mile traveled, to be computed from the county seat where the conviction took place, by the most direct route of travel." This mileage is made large, evidently for the purpose of covering the expense. That it is quite a reasonable allowance is apparent from the fact that the mileage for conveying this one convict amounts to $51.92, whilst the entire expense is but $28.00. And as the section declares that this mileage shall be received as full compensation, there is no authority for allowing anything beyond.

VI. On the 14th of November, 1873, an order issued commanding plaintiff to convey one Charles Harmon, a convicted and sentenced prisoner, from the county prison of defendant to the State Reform School at Eldora, Iowa, and in executing said order plaintiff expended for himself $7.00 railroad fare to and from Eldora; meals and lodging $1.83; railroad fare for prisoner $3,50, and meals for same *en route* $1.00, making in all $13.35, which the plaintiff claims as justly due, him, in addition to mileage at 16 cents per mile for 110 miles. Defendant claims that plaintiff is entitled to only five cents per mile.

Section 1655 of the Code provides: "The fees of the sheriff under this chapter shall be the same as now allowed by law for like services." Like service to that for which this claim is made is conveying a convict to the penitentiary, and the

sheriff is entitled to sixteen cents per mile of travel, as his full compensation therefor.

VII. The plaintiff conveyed to the State Prison at Fort Madison, for safe keeping, three prisoners, and also three convicts, sentenced to the penitentiary for a term. of years. In performing this service plaintiff employed six guards for whose railroad fare, per diem, hotel bills, etc., amounting to $154.32, plaintiff claims, in addition to $408.36, allowed and paid as mileage, at 16 cents per mile, and for railroad fare for prisoners.

*6. ——: conveying prisoner to penitentiary.*

For conveying the *prisoners* sent to Fort Madison for safe keeping, plaintiff is entitled to five cents a mile of travel, and to the railroad fare and other expenses of such prisoners, including expenses of such of the guards as were necessary to the transportation of these prisoners, but not to his own railroad fare and personal expenses.

For conveying the *convicts* he is entitled to sixteen cents a mile for each convict, as his full compensation.

VIII. At the March term, 1874, of the Polk County District Court, an order was made by the court for the appointment, by plaintiff, of six bailiff's. In pursuance of said order plaintiff appointed Isaac Woodrow, Henry Hiller, Clinton Githens, Benjamin Bringolf, Lowry Goode and Clinton Wise. Said persons were employed as follows: Woodrow, at the bar of the court, Henry Hiller, in waiting on the grand jury, Clinton Githens, in attendance at the door of the court room, Benjamin Bringolf, in waiting on trial juries, and other services in the court room; Lowry Goode was employed in the sheriff's office, and occasionally in the court room, in doing such writing and other work as was necessary for the execution of the orders of the court requiring immediate attention and the general business of the sheriff's office, and Clinton Wise was employed in going out through the city after persons required in court without process, such as jurors, attorneys, witnesses under subpœnas, and other processes throughout the county, on persons required forthwith, and in helping to keep the court room in order.

*7. ——: bailiffs.*

After the term the services of Woodrow, Hiller and Gith-ens, were paid in full by the county. The plaintiff paid Bring-olf, Goode and Wise, each for thirty-five days service, at the rate of $2.00 per day, and this sum he claims of the county.

Section 341 of the Code provides: "The sheriff shall attend upon the District and Circuit Courts of his county, and while either remains in session he shall be allowed the assistance of such number of bailiffs as either may direct. They shall be appointed by the sheriff, and shall be regarded as deputy sheriffs, for whose acts the sheriff shall be responsible."

The number of bailiffs is to be determined by the court. No provision is made for their compensation. But, it would seem, they are not to be paid by the sheriff, for if so, it would be safe to leave the determination of the number to him, with-out restraint or check upon the part of the court. The security which the county has is in the supervisory control of the court, and the probability that he will not appoint an unrea-sonable number. When, however, bailiffs are appointed by the court, they are, we think, entitled to a reasonable allow-ance from the county. If the sheriff employs them in the service of papers for which a fee is allowed by law, they, and not the sheriff, are entitled to the fees, which must be taken into account in fixing the amount of their compensation. This will prevent the sheriff from performing his duties by bailiffs, paid by the county, and at the same time recovering fees for the services performed by them.

The claim exists in favor of the bailiff against the county. But, as the sheriff has paid three of the bailiffs, thus extin-guishing their claim, and entitling himself to an assignment of it, and it is agreed by the parties that such disposition has been made of the cases that the costs legally chargeable are payable by the county, we are of opinion that the plaintiff is entitled to recover of the county on account of these bailiffs a reasonable compensation for their services, less such amount as may be properly chargeable in their behalf as fees, and taxed as costs in the various cases pending.

It is claimed, however, that the agreed statement does not show that the amount paid by the sheriff is reasonable, and

that plaintiff cannot, by his own act, conclude the county upon that question.

This is an agreed statement, submitted for the purpose of determining the legal right of the plaintiff to recover. From the whole statement we may well infer that the whole controversy between the parties was as to the legal right to recover, and that there was no dispute as to the amount of the recovery, upon this branch of the case, if the plaintiff could recover at all. As the agreed statement is entirely silent as to what amount is reasonable, we think both parties are now estopped to deny the reasonableness of the sum paid.

IX. At the December Term, 1874, the bailiff of the court called juries in the cases of the *Valley Savings Bank v. Entwistle et al.*, civil, and the *State v. Charles Howard*, criminal.

For this service plaintiff claims the sum of ten cents for each jury so called. In a civil case the costs of calling the jury are taxed against the losing party, and do not constitute a claim against the county. In the criminal case, as the service was not performed by the sheriff but by a bailiff, the sheriff, as we have seen, is not entitled to the pay therefor.

The county certainly should not pay the bailiff a per diem, and also pay the sheriff for the services performed by the bailiff.

It results from the foregoing view that, on account of the error of the court in disallowing some claims to which plaintiff is entitled, the judgment must be

REVERSED.