McDONALD v. WOODBURY COUNTY.

1. **Sheriff**: SERVICES OF JAILER. The sheriff who employs a jailer, and
   not the county, is liable for payment for his services.

2. ———: COMPENSATION OF. The salary provided by law to be paid
   the sheriff is intended as a full compensation for all services for
   which payment is not otherwise provided, and he cannot recover
   for services he may render as jailer.

*Appeal from Woodbury District Court.*

SATURDAY, APRIL 20.

ACTION at law to recover compensation for services as jailer,
rendered by plaintiff. There was a judgment for the defend-
ant. Plaintiff appeals.

*Marks & Hubbard,* for appellant.

*Geo. W. Wakefield,* for appellee.

BECK, J.—I. The petition alleges that plaintiff was

appointed by the sheriff jailer for the county, of which defendant had notice, and for three months discharged the duties of the place. During this time a large number of prisoners were confined in the jail, and the service required the constant attendance of one man, and of an armed keeper whenever the doors of the cells were opened, and that the prisoners could not have been otherwise securely kept, and the services rendered by plaintiff could not have been performed by the sheriff, whose duties required frequent and long continued absence from the jail. The sheriff, prior to plaintiff's appointment, had notified the board of supervisors of defendant that a jailer was necessary for the safe keeping of the prisoners confined in the jail. The sheriff received no special allowance for guarding the jail, and his salary allowed by the supervisors, under Code, § 3789, was two hundred dollars per year. The services rendered by plaintiff as jailer are reasonably worth fifty dollars per month. It is further shown that plaintiff presented the board of supervisors a bill for his service, which was rejected, and payment refused. A demurrer to plaintiff's petition was sustained.

II. The sheriff has charge of the jail of the county, and is required to perform the duties of jailer. While he may discharge these duties by a deputy, or by one appointed by him to act as jailer, such deputy or jailer must look to him for compensation, as there is no statute providing compensation for such officers to be paid by the county. The sheriff's deputies cannot recover from the county for services, when there is no law allowing compensation to the sheriff for the same services. This cannot be doubted.

1. SHERIFF: services of jailer.

III. The sheriff, had he rendered the service for which plaintiff claims to recover, would have had no cause of action against defendant. *Grubb v. Louisa County*, 40 Iowa, 314. The salary provided by law to be paid the sheriff is intended as compensation for all services for which payment is not otherwise prescribed.

2. ——: compensation of.

IV. All expenses and charges necessarily incurred in the safe keeping of prisoners in the county jail, except for the personal services of the sheriff and jailor, must be paid by the county. Code, § 4735. And when the sheriff is at expense transporting prisoners and the like, he can recover compensation. *Bringolf v. Polk County*, 41 Iowa, 554. In these cases compensation is not given for personal services in discharging the duties of sheriff or jailer. In the case before us, plaintiff claims for personal services which pertain to the duties of the sheriff, compensation wherefor is provided by the salary fixed by law. Plaintiff cannot recover under the statute or the case above mentioned.

AFFIRMED.