WHITE. v. JONES.

1. **Contract**: FOR BOARD OF PRISONERS HELD BY CONSTABLE: PARTIES BOUND BY. Defendant, as constable, had certain prisoners in his custody for preliminary examination before a magistrate, and he procured board and lodging for them of plaintiff upon the statement, made by defendant at the time, that he would not be responsible to plaintiff for the board and lodging, but that he (plaintiff) must look to the county for compensation. *Held* that, whether or not in any case the county would be liable for board and lodging furnished to prisoners so held, the defendant was not liable for the board and lodging furnished by plaintiff under the circumstances named.

*Appeal from Dallas Circuit Court.*

THURSDAY, OCTOBER 22.

ACTION upon an account. The action was brought to recover for boarding certain persons held in custody by the

defendant as constable of Linn township, Dallas county. The petition averred what was the reasonable worth of the board, and also that the defendant agreed to pay for the same. The defendant, for answer, averred that the persons boarded were held by him as constable for preliminary examination. He denied that he promised to pay for the board of the prisoners, or in any way held himself out as responsible; but, on the other hand, expressly told the plaintiff that he must look to Dallas county for his pay, which was responsible. He also pleaded that the promise, if made as averred, would be a promise to pay the debt of another, to-wit, the debt of Dallas county, and so would be within the statute of frauds. The plaintiff demurred to the answer, and the demurrer was overruled; and, the plaintiff electing to stand upon his demurrer, judgment was rendered against him for costs. He appeals.

*H. E. Long*, for appellant.

*C. W. Hill*, for appellee.

ADAMS, J.—This case involves less than $100, and comes to us upon a certificate. Five questions are certified, but it will be sufficient to determine the first one. That one is in these words: "Where a constable has in his custody prisoners under warrant of arrest, and holding them for preliminary examination before a magistrate, and while holding said prisoners in his charge said constable has them boarded and lodged by a hotel-keeper, is the constable liable to said hotel-keeper for the board and lodging of said prisoners?" This question, if it arose at all, arose upon the overruling of the plaintiff's demurrer to the defendant's answer. The demurrer admitted the allegations of the answer. The question, then, should have contained the qualification that the constable expressly refused to become responsible, and told the plaintiff that he must look to Dallas county. In considering the question we shall consider it as if it contained this qualifica-

tion. Now, if the defendant so told the plaintiff, it cannot, of course, properly be claimed that there was any express contract on the part of the defendant to pay the plaintiff, and we do not understand the plaintiff as contending that it can be. His contention, as we understand, is that it was the defendant's duty to have the prisoners boarded, and pay for the board himself, without reimbursement; and, such being his duty, it was not his right to say that he would not be responsible, and therefore what he said in that respect did not prevent an implied contract from arising when the board was furnished.

Whether if the defendant had paid for this board he might not have recovered from Dallas county as expenses incurred in the exercise of his office under the rule laid down in *Bringolf v. Polk Co.*, 41 Iowa, 554, we need not determine, as we do not have such a case. Whether the county is not free from liability to any one, from want of a statute imposing a liability of that kind, we need not determine. If we should concede that the county is not chargeable under any circumstances, we do not think it would follow that the defendant is chargeable under the circumstances of this case. It was the defendant's right, in proposing to employ the plaintiff, to impose his own conditions, and it was equally the plaintiff's right to refuse to be employed upon those conditions. While it was perhaps necessary that some one should board the prisoners, there was no specific obligation resting upon the plaintiff to do it. We think, therefore, that when he undertook to board the prisoners he must be held to have done so upon the terms which the defendant prescribed. It matters not that the county's liability was doubtful, or was not believed to exist, or does not in fact exist, if such is the law. It was the defendant's right to procure the prisoners boarded by some one, if he could, who would agree to look to the county alone, and it is not for us to say that if the plaintiff had refused to board them upon those terms the defendant could not have found some one who would.

We think, then, that, taking the allegations of the answer to be true, the tacit if not the express understanding was that the plaintiff would not look to the defendant, but the county; and with this view the answer showed a good defense, and the demurrer to it was properly overruled.

AFFIRMED.