## C. HAMIL, Appellant, v. CARROLL COUNTY.

**Counties:** SHERIFF'S FEES: *Care of prisoners.* Under McClain's Code, section 5041, providing: "The sheriff is entitled to recover the following fees" (section 5056): "for boarding a prisoner, a compensation fixed by the board of supervisors, not less than fifty cents a day;" (section 5057) "for waiting on and washing for prisoners, the sheriff shall have such reasonable compensation as shall be allowed by the board of supervisors;" and section 5063, providing that the sheriff is also entitled for attending courts, and for other services for which no compensation is allowed by law, to such an annual salary as may be fixed by the board of supervisors,—he is entitled, for washing for and waiting on prisoners, to a reasonable compensation outside of his salary.

**Counties:** SAME. Washing bedding used by prisoners, if necessary to keep the same in suitable condition for their use, is "washing for

the prisoners" within McClain's Code, section 5057, entitling the sheriff to remuneration from the county for services in waiting on and washing for prisoners; and that it was necesaary will be assumed where it is ordered by the board.

SAME. Mending the clothes of prisoners, if a necessary service for the proper keeping of the prisoners, is waiting on them within McClain's Code, section 5057, entitling a sheriff to remuneration from the county for waiting on the prisoners.

*Appeal from Carroll District Court.*—HON. S. M. ELWOOD, Judge.

THURSDAY, JANUARY 28, 1897.

THE petition shows that P. J. Hamil was sheriff of the defendant county for the years 1892 and 1893, and as such had charge of the jail and of the prisoners therein confined; that in taking care of the prisoners there was a large amount of work performed by him, consisting of washing, scrubbing, and cleaning the jail, washing and cleaning the bedsteads and bedding, mending the clothes of the prisoners and the bedding, cleaning and renovating the jail, and keeping the same in a good and healthy condition; that these things were done on account of the prisoners therein confined, and were necessary to be done to keep the jail in suitable condition; and that it was done at the verbal request of the chairman and another member of the board of supervisors, and that it was acquiesced in by said board. It is alleged that the reasonable value of the work was ten dollars per month for the two years. The petition makes specification of items, and of the prisoners for whom the services were rendered, which it is unnecessary to set out. It also appears that the account was assigned to the plaintiff, and the account presented to the board, and payment refused. To the petition there was a demurrer, which the court sustained, and from the ruling the plaintiff appealed.—*Reversed.*

*George W. Bowen* for appellant.

*George W. Korte* for appellee.

GRANGER, J.—The claim urged against the peti-
tion is that the services for which recovery is sought are
not such as the law makes provisions for the payment of,
except in the salary allowed by law to the sheriff.
Appellant claims that the services in question are not
such as the sheriff, in the capacity of sheriff, is required
to perform; that they are not the services for which the
fees and salary provided by law are a compen-
sation. The sheriff is made the custodian of the
jail or prison of the county, and of the prisoners in
the same, and is required to receive those lawfully com-
mitted, and to keep them himself, or by his deputy or
jailor, until discharged by law. McClain's Code, section
474. The sections hereafter cited will be of the
same Code. The object of the section is, obvi-
ously, to require the sheriff to have charge
of the jail, and receive and retain prisoners
lawfully committed. It does not deal with
how the duty is to be discharged. Other sections provide
a fee of twenty-five cents for the commitment and dis-
charge of each prisoner; if received on surrender of bail,
fifty cents, code, section 5054, 5055. Sections 5041 and
5060 provide fees and compensation for the sheriff in
particular cases. The following is a part of section
5062: "The sheriff is also entitled, for attending district
and circuit courts, and for other service for which no
compensation is allowed by law, such annual salary as
may be fixed by the board of supervisors, and in no case
less than two hundred dollars nor more than four hun-
dred dollars." Sections 6122 and 6135 provide as fol-
lows: "It is the duty of the keeper of the jail of the
county to see that the same is constantly kept in a
cleanly and healthy condition, and he must pay strict

attention to the personal cleanliness of all the prisoners in his custody as far as may be. Each prisoner must be furnished daily with as much clean water as may be necessary for drink and for personal cleanliness, and with a clean towel and shirt once a week, and must be served three times each day with wholesome food, which must be well cooked, and in sufficient quantity." "All charges and expenses of safe keeping, and maintaining convicts and persons charged with public offenses and committed for examination or trial, to the county jail, shall be paid from the county treasury, the accounts therefor being first settled and allowed by the board of supervisors. * * *" It is from these provisions of the law that we are to determine the question. The holdings of this court have been uniformly against constructive fees to officers. The rulings are to the effect that the compensation to be paid to sheriffs is such only as is provided by law. This statement is all that is claimed, and it is unnecessary to review or cite the cases. The sections we have designated from McClain's Code from 5041 to 5062 are sections of chapter 94, Acts of the Nineteenth General Assembly, and the act is designed to regulate the fees of sheriffs; and, for the purposes of this case, we may say that, unless the act provides for plaintiff's claim, or some part of it, the claim cannot be sustained. It is not thought but that the services are to be compensated, but it is thought that the allowance of two hundred dollars as salary, which in all cases is to be allowed, is designed by the law to cover such services. Section 6122 of the Code, above quoted, shows that at least a part of the services rendered are such as the law requires; for instance, washing for and waiting on the prisoners. The language of the law giving to the sheriff a salary is: "The sheriff is also entitled for attending district courts, and for other service for which no compensation is allowed by law, such annual salary as may be fixed by the board of

supervisors.    *    *    *"   Now, if it does not appear
that the act allows compensation for some part of these
services, then they are to be paid for by the salary.
Chapter 94 of Acts of the Nineteenth General Assembly
provides as follows: "Section 2.   The sheriff is entitled
to charge and receive the following fees:    *    *    *
Sec. 17.   For boarding a prisoner a compensation to be
fixed by the board of supervisors, not less than fifty
cents per day.   Sec. 18.   For waiting on and washing
for prisoners, the sheriff shall have such reasonable
compensation as shall be allowed by the board of super-
visors."   It seems to us the express language is that for
waiting on and washing for prisoners the fee or compen-
sation shall be reasonable, to be fixed by the board of
supervisors.   No one, we think, doubts that the sheriff
is entitled to compensation for the board of prisoners,
outside of the salary, and, if so, because it is "allowed
by law"; and it is no more allowed by law than is the
compensation for waiting on and washing for them.
The law in each case in terms allows a compensation for
the service, and leaves it to the board of superviors to
fix the amount.   In *Grubb v. Louisa County*, 40 Iowa,
314, it was held that a sheriff was not entitled to com-
pensation outside of fees and salary for waiting on pris-
oners; that the salary was presumed to be sufficient to
compensate him for services for which no fees were
allowed.   That case involved a construction of Code of
1873, sections 3788, 3789 (not McClain's), which sections
fixed the compensation of sheriffs in part.   At that time
there was no such provision for compensation for wait-
ing on and washing for prisoners.   The sections were
repealed by Acts Eighteenth General Assembly, chapter
115.   The rule announced in that case, as well as in
others, that for a service for which no fee is prescribed
by law the fees and salary prescribed are presumed to
be a compensation, is preserved in this opinion.   It is
clear to us that the petition presents a cause of action,

and that for washing for and waiting on the prisoners a reasonable compensation should be allowed. What services should be regarded as waiting on prisoners, within the meaning of the law, is a question not presented, and, of course, we do not decide it. The judgment is REVERSED.

## SUPPLEMENTAL OPINION ON RE-HEARING.

## FRIDAY, MAY 28, 1897.

PER CURIAM.—Appellee, in a petition for a re-hearing, concedes the correctness of the law as stated in the opinion, but, because of its claim that the averments of the petition do not include services in washing for or waiting on the prisoners, it is likely proper that we should be more specific in that particular, in view of further proceedings in the district court. Some of the language used, in stating what work was done, is so general as to render uncertain the particular kind of work included, and as to such we construe it against the pleader. It does appear that the bedding used by the prisoners was washed. We understand such a service to be "washing for the prisoners," where it is necessary to keep the bedding in suitable condition for their use. It also appears that the clothes of the prisoners were mended. If this was a necessary service for the proper keeping of prisoners,—which we assume, because done at the instance of the board of supervisors,— then it would be waiting on them, within the meaning of the law. We are not able to discover any other service which, on the face of the petition, would authorize a recovery. The petition for a re-hearing is OVERRULED.